# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL YOUNG** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **No. 10-1897** |
| | **:** | |
| **WARDEN, PHILADELPHIA PRISON** | **:** | |
| **SYSTEM AT CURRAN-FROMHOLD** | **:** | |
| **CORRECTIONAL FACILITY, *et al.*** | **:** | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                           **May 12, 2010**

Plaintiff, a prisoner at Curran-Fromhold Correctional Facility, seeks to bring a civil

action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant

to 42 U.S.C. § 1983.[1]  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110

Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain

financial requirements for prisoners bringing a civil action or filing an appeal *in forma*

*pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must pay the full

amount of the $350 filing fee.  28 U.S.C.A. § 1915(b)(1).  The prisoner must submit a

certified copy of his inmate trust fund account statement for the six-month period

immediately preceding the filing of his complaint so the Court can determine how the $350

filing fee will be paid.  28 U.S.C.A. § 1915(a)(2).  The prisoner must obtain this statement

from the appropriate official of each prison at which he was or is confined.  *Id.*  The Court

must then "assess [the prisoner's financial status] and, when funds exist, collect, as a

partial payment of any court fees required by law, an initial partial filing fee of 20 percent

---

[1] Suits brought *in forma pauperis* are governed by 28 U.S.C. § 1915.

of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint . . . ."

When he brought this action, the plaintiff may not have known that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or, (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.A. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the prisoner will not get his filing fee back.

We shall give the plaintiff twenty (20) days from the date of this Order to decide whether he wants to proceed with this case.  If the plaintiff decides to proceed with the case, he must file a certified copy of his inmate trust fund account statement for the entire six-month period preceding **April 27, 2010**, as required by 28 U.S.C. § 1915.  Upon receipt of the account statement, the Court will assess the appropriate deductions to be made from the inmate's account in payment of the filing fee.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL YOUNG** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 10-1897** |
| | : | |
| **WARDEN, PHILADELPHIA PRISON** | : | |
| **SYSTEM AT CURRAN-FROMHOLD** | : | |
| **CORRECTIONAL FACILITY,** *et al.* | : | |

## <u>ORDER</u>

**AND NOW**, this 4th day of May, 2010, it is **ORDERED** as follows:

1.      The application to proceed *in forma pauperis* (Document No. 1) is **DENIED WITHOUT PREJUDICE**;

2.      If plaintiff files with the Clerk within twenty (20) days from the date of this Order a certified copy of his inmate trust fund account statement for the six-month period preceding the filing of his complaint and obligates himself to pay the $350.00 filing fee, this action will be reinstated; and

3.      The Clerk of Court shall **CLOSE** this action statistically.

_____
TIMOTHY J. SAVAGE, J.
